```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 09-61401-Civ-DIMITROULEAS/SNOW
```

CITY OF FORT LAUDERDALE,

       Plaintiff,

       vs.

HEZZEKIAH SCOTT, et al.,

       Defendants.

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on Counter-plaintiff Hezzekiah Scott's Motion to Award Attorney's Fees and Costs Pursuant to 28 U.S.C. § 1447(c)(Docket Entry 19), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

I. PROCEDURAL HISTORY

On April 18, 2009, the City of Fort Lauderdale ("City") filed a complaint for foreclosure against Hezzekiah Scott in the Circuit Court in and for the Seventeenth Judicial Circuit of Broward County, Florida. On August 28, 2009, the defendant filed an answer and a counterclaim alleging breach of contract, violation of the Fair Housing Act, 42 U.S.C. § 3610, et seq., violation of the Florida and United States Constitutions, and various state law claims. Pursuant to 28 U.S.C. § 1441, the plaintiff, as counter-defendant removed the case to federal court on September 4, 2009. (DE 1)

Mr. Scott filed a motion to remand the matter to state court, since the majority of the claims are state law claims and

since the claims against the City are not separate and independent causes of action. (DE 6) The City's response to the motion for remand noted that additional legal research revealed an argument not raised by Mr. Scott: that the federal counterclaims cannot be removed by the plaintiff/counter-defendant. Federal Deposit Insurance Corp. v. S&I 85-1, Ltd., 22 F.3d 1070, 1072 (11th Cir. 1994)("[a] counter-defendant is not a 'defendant' within the meaning of the general removal statute."). (DE 14) The Court granted the motion to remand and closed the case. (DE 16). Mr. Scott filed the instant motion for attorney's fees and costs, the amount to be determined by the state court. The motion is fully briefed and is ripe for consideration.

## II. RECOMMENDATIONS OF LAW

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of costs and any actual expenses, including attorney fees, incurred as a result of the removal." Bauknight v. Monroe County, 446 F.3d 1327, 1329 (11th Cir. 2006). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may ward attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711, 163 L.Ed. 547 (2005).

Mr. Scott asserts that the court previously awarded attorney's fees to the City, after Mr. Scott improperly removed a

previous state court complaint of foreclosure to federal court.[1] Thus, fees now are appropriate for the City's improper removal of the instant case.

The City's response to the motion notes that courts have awarded attorneys fees "where the lack of jurisdiction is plain in the law and would have been revealed to counsel for the defendant with a minimum of research." Township of Whitehall v. Allentown Auto Auction, 966 F.Supp. 385, 386 (E.D.Pa. 1997)(the defendant cannot remove a state law complaint by asserting a federal law counter claim); Lost Mountain Homeowners Assoc., Inc., 248 Fed. App'x 114 (11th Cir. 2007)(attorney's fees warranted where the removal was based a specious allegation of due process violations because a word was missing from the style of the case); Liebig v. Dejoy, 814 F.Supp. 1074 (M.D.Fla. 1993)(attorney's fees awarded for improper removal of a personal injury case arising from a boating incident, based on the assertion of admiralty law, when the defendant subsequently conceded that the "saving to suitors" clause

---

[1] on April 8, 2008, the City filed a complaint for foreclosure against Hezzekiah Scott in the Circuit Court in and for the Seventeenth Judicial Circuit of Broward County, Florida. Mr. Scott removed the case to federal court, City of Fort Lauderdale v. Scott, Case No. 08-60777-Civ-ALTONAGA, asserting that the case arose under federal law, since the notices of code violations were unconstitutionally defective, and violated the agreement entered into by the City in Turner v. City of Fort Lauderdale, Case No. 05-61635-Civ-Ungaro-Benages.  The court granted the motion for remand, noting that the Turner settlement agreement was not entered as an order by the Court, and did not apply to Mr. Scott.  The court awarded attorney's fees to the City, since the removal had little, if any, foundation in the law.  The amount of fees would determined by the state court on remand.

of the admiralty jurisdiction statute, 28 U.S.C. § 1333(1), provided that jurisdiction was properly in state court).

Another court declined to award attorney's fees when the removal by the third-party defendants to the counterclaim was based on a good faith argument for removal. CapitalSource Finance, LLC v. Thi of Columbus, Inc., 411 F.Supp.2d 897, 898-99 (S.D.Ohio 2005)(a third party defendant to a counterclaim, although newly brought into the litigation, cannot remove a complaint pursuant to § 1441, which specifies that removal may be made by "the defendant"). However, one court has held that the presence or absence of good faith "is not the standard for determining whether costs should be awarded . . . [r]ather, 'the propriety of a defendant's removal [is the critical element] in determining whether to impose fees." Katonah v. U.S.Air, Inc., 876 F.Supp. 984, 990 (N.D.Ill. 1995)(internal citations omitted).

The City asserts that remand in the instant case was not granted on the basis any legal argument presented by Mr. Scott, but rather upon the City's response to the motion, immediately conceding that the removal was improper for reasons not raised by Mr. Scott. Finally, the City notes that Mr. Scott's motion for attorney's fees is devoid of any of the information required by S.D.Fla.R. 7.3.B., which requires, in part, a detailed description of the hours reasonably expended, the hourly rate charged and the expenses sought, and which must be supported by an affidavit of an expert witness.

Mr. Scott's reply asserts that good faith is not an element to be considered in awarding fees for improper removal. Gray

4

v. New York Life Ins. Co., 906 F.Supp. 628 (N.D. Ala. 1995). In Gray, the defendant removed the case, arguing for super-preemption by the ERISA statute, which the court found to be an "improvident" decision. Id. at 629. The Court considered the 1988 changes to § 1447(c), and concluded that the change was "to narrow the removal opportunity. The message was 'Remove at your peril.'" Id. at 630. "The decision as to whether to award fees under § 1447(c) turns primarily, if not solely, on the *merit* of the removal. . . . This is why 'good faith' is not a defense to a claim for § 1447(c) fees." Id. at 637.

The instant case is neither one in which there was no ascertainable legal basis for removal, thus warranting an award of fees, nor one where a newly served third-party defendant to the counterclaim reasonably believed that it could remove the case, as in CapitalSource. Nor is the Court convinced that the removal was an improvident decision based on an attempt to expand the reach of the law, as in Gray. The Court finds that, while the City's counsel was forthright with the Court in conceding that further research of the law did not support removal, counsel's good faith and forthrightness are insufficient to bar an award of attorney's fees, when removal was improper under existing law. Liebig.

The defendant's assertion that the motion is lacking because it does not comply with S.D.Fla.R. 7.3.B. is not persuasive. When the court previously awarded attorney's fees to the City in Case No. 08-60077-Civ-ALTONAGA, the City had not complied with S.D.Fla.R. 7.3.B. The Court held that the amount of reasonable fees would better be determined in state court. Hodach v. Caremark RX,

5

Inc., 374 F.Supp.2d 1222, 1226 (N.D.Ga. 2005)("litigating this case on dual tracks . . . would be inefficient and would further delay the processing of this case.").

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion for attorney's fees and costs be GRANTED, and that the amount of fees and costs be decided by the state court.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 29th day of January, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
Alain E. Boileau, Esq. (P)
Sharon Bourassa, Esq. (D)